■ MARGARET TANCOS, Respondent, v CENTAUR INSURANCE COMPANY, Appellant, et al., Defendants.—In an action for reformation of a multiperil policy of insurance covering a certain premises, the defendant Centaur Insurance Company appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated October 28, 1986, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, after fire destroyed the premises in question, seeking reformation of an insurance policy issued by the defendant insurer which names the defendant Alamo Enterprises, Inc., lessee of the premises, as the sole insured. She alleged that the policy as issued did not express the intentions of the parties that Margaret and Jack Tancos be named as mortgagees under a standard mortgagee clause.

After issue was joined, and prior to the conducting of examinations before trial of the parties to the agreement, the insurer moved for summary judgment dismissing the complaint on the grounds that there was no merit to the plaintiff's claim of mutual mistake and that there were no triable issues of fact. In support of its motion, the insurer submitted an attorney's affidavit with certain exhibits annexed, and copies of the pleadings. No affidavits were submitted from the parties who were involved in the procurement of the policy who had personal knowledge of the facts pertinent to the plaintiff's claim of mutual mistake. Instead, the insurer included as exhibits and relied upon excerpts from the preaction examina-

tions under oath conducted solely by the insurer of the insurance broker and the defendant Robert Angona, upon whose application the policy was apparently issued. It is noteworthy that these excerpts are neither signed by the examinees nor notarized.

On this record, we find that the insurer failed to sustain its burden of setting forth evidentiary proof in admissible form sufficient to demonstrate its entitlement to judgment as a matter of law *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252). A material issue of fact exists as to whether the policy reflects the intentions of the parties to the agreement. Also, considering the nature of this action, the particular facts of this case, and the plaintiff's lack of opportunity to complete examinations before trial of the parties to the agreement, the Supreme Court, Rockland County, properly denied the insurer's motion for summary judgment. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.